UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TOMMY R. McGUIRE,

        Petitioner,

v.

MARK INCH et al.,

        Respondents.[1]

9:19-CV-1330
(GLS/CFH)

---

APPEARANCES:

TOMMY R. McGUIRE
Petitioner, pro se
542512
Suwannee Work Camp
5964 U.S. Highway 90
Live Oak, FL 32060

OF COUNSEL:

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

Petitioner Tommy R. McGuire filed a "Petition for New or Independent Action (Pursuant to Rule 60(B) Federal Rules of Civil Procedure)," as well as an application to proceed in forma pauperis (IFP). Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, IFP Application.

It is well-settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see Colorado River Water Conservation*

---

[1] The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of the facility in which petitioner is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Petitioner has named all improper respondents to this action. The only respondent should be whoever is in charge of the Suwanee Work Camp where petitioner is presently being held in custody. However, because this action is ultimately being dismissed, the Clerk will not be directed to update the caption with the correct respondent.

*Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" *Curtis*, 226 F.3d at 138 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). "The doctrine is also meant to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" *Id.* (quoting *Adam v. Jacob*, 950 F.2d 89, 93 (2d Cir. 1991)). The district court has broad discretion in determining whether an action should be dismissed as duplicative, and the exercise of this power is reviewed by the Court of Appeals for abuse of discretion. *See generally Lopez v. Ferguson*, 361 F. App'x 225, 226 (2d Cir. 2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within the certified class).

In this case, petitioner's pending petition is duplicative. On September 30, 2019, the Court previously received this same petition, naming the same respondents, attaching the same exhibits, and making the same arguments. *Compare McGuire v. Inch*, No. 9:19-CV-1220 (GLS/CFH) ("*McGuire I*"), Dkt. No. 1, Petition ("*McGuire I* Pet."), *with* Pet. Specifically, petitioner again styles his petition as one pursuant to Rule 60(b), asking this Court to overturn a 2003 judgment from the United States District Court for the Middle District of Florida denying his petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. *Compare McGuire I* Pet., *with* Pet.

Petitioner is advised that he **may not** file multiple petitions challenging the same

2

conviction.[2] It is worth noting that petitioner has appealed the Court's Decision and Order dismissing *McGuire I* to the Second Circuit. *McGuire I*, Dkt. No. 5. Accordingly, in the event petitioner is victorious and the Second Circuit determines that petitioner's claims should proceed, the action petitioner filed in *McGuire I* will provide him with a determination of the merits of his jurisdiction claims. Accordingly, dismissal of this action will not prejudice petitioner.

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED** without prejudice as duplicative of petitioner's prior petition in *McGuire I*, 9:19-CV-1220; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

November 6, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[2] In addition to the case being duplicative, the same reasons which resulted in the dismissal of *McGuire I* apply to the present case. *See McGuire I*, Dkt. No. 3, Decision and Order dated October 8, 2019 (noting the petition's improper venue and ultimately dismissing it as an abuse of the writ) ("October Order"); *Id.*, Dkt. No. 4, Judgment.